UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| USTA TECHNOLOGY, LLC<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC<br>    Defendant. | Civil Action No. 6:22-cv-1214<br><br>**JURY TRIAL DEMANDED** |

**GOOGLE'S OPPOSED MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

<u>**Page**</u>

I. INTRODUCTION ................................................................................................................1

II. FACTUAL BACKGROUND ..............................................................................................2

    A. Plaintiff's Infringement Allegations ........................................................................2

    B. Google's Witnesses and Evidence Are in the Northern District of California. ................................................................................................................2

    C. Plaintiff's Witnesses and Evidence Are Located Outside the WDTX. ...................3

    D. Important Third-Party Witnesses and Evidence Are In or Near the NDCA............3

III. LEGAL STANDARD ..........................................................................................................4

IV. ARGUMENT .......................................................................................................................4

    A. The Convenience of Witnesses Strongly Favors Transfer. .....................................4

    B. The Availability of Compulsory Process Strongly Favors Transfer. ......................6

    C. The Relevant Sources of Proof Strongly Favor Transfer. .......................................8

    D. The Local Interests Strongly Favor Transfer. .........................................................8

    E. The Remaining Factors Are Neutral. .......................................................................9

        1. The practical considerations are neutral. ....................................................10

        2. The court congestion factor should be accorded no weight. ......................10

        3. Considerations regarding familiarity with governing law and conflict of laws are neutral. .........................................................................10

    F. The balance of factors strongly favors transfer. ....................................................11

V. CONCLUSION ..................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*10Tales, Inc. v. TikTok Inc.*,
   No. 6:20-cv-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021) ...............................5

*3D Surfaces, LLC v. Dell Techs. Inc.*,
   No. 6:21-CV-01107-ADA, 2022 WL 3695483 (W.D. Tex. Aug. 25, 2022)............................8

*In re Acer Am. Corp.*,
   626 F.3d 1252 (Fed. Cir. 2010)..................................................................................................6

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020)................................................................................................8, 9

*In re Apple Inc.*,
   No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) .........................................7, 9, 10

*In re Apple Inc.*,
   No. 2022-137, 2022 WL 1676400 (Fed. Cir. May 26, 2022) .....................................................9

*In re Apple, Inc.*,
   581 F. App'x 886 (Fed. Cir. 2014) ............................................................................................7

*In re DISH Network L.L.C.*,
   No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021).....................................................8

*In re Genentech*,
   566 F.3d 1338 (Fed. Cir. 2009)........................................................................................ passim

*In re Google LLC*,
   58 F.4th 1379 (Fed. Cir. 2023) ................................................................................................10

*In re Google LLC*,
   No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021).......................................................6

*In re Google LLC*,
   No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ...................................................8

*In re Google*,
   No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ...............................................6, 9

*In re Hoffmann-La Roche Inc.*,
   587 F.3d 1333 (Fed. Cir. 2009)...............................................................................................8, 9

*In re HP Inc.*,
   826 F. App'x 899 (Fed. Cir. 2020) ...........................................................................................7

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) ..........................................................................................10

*Magic Cross Ranch, L.P. v. Manion*,
  No. 3:12-CV-00541-P, 2012 WL 13027449 (N.D. Tex. Sept. 25, 2012) ................................10

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) .........................................................................................1, 4

*In re Samsung Elecs. Co.*,
  2 F.4th 1371 (Fed. Cir. 2021) ............................................................................................5, 9

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014) ..........................................................................................11

*In re Volkswagen Ag*,
  371 F.3d 201 (5th Cir. 2004) ................................................................................................5

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) (en banc) ..........................................................................4, 11

**FEDERAL STATUTES**

28 U.S.C. § 1404(a) ............................................................................................... passim

**RULES - OTHER**

Fed. R. Civ. P. 45(c)(1)(B) ........................................................................................................4

**I.     INTRODUCTION**

Google moves pursuant to 28 U.S.C. § 1404(a) to transfer this case to the Northern District of California ("NDCA") and requests oral argument on this motion.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). The vast majority of the Google employees with relevant knowledge regarding the allegedly infringing functionality are in the NDCA, where Google is headquartered. Relevant third parties—including the two suppliers who provide Google the semiconductor components at issue in this litigation—are also located in California and would be subject to subpoena in the NDCA for the production of documents, deposition, and trial. And, because the allegedly infringing devices were designed primarily in the NDCA, that district has a significant local interest in adjudicating this case.

The Western District of Texas ("WDTX"), by contrast, has no connection to this dispute. None of the witnesses with knowledge of the relevant functionality are located here. Moreover, despite recently registering to do business in Texas, Plaintiff has no discernable ties to the WDTX. Plaintiff does not employ any relevant individuals in this District, and the sole inventor of the asserted patent lives in Massachusetts; he would be required to travel a significant distance to either the NDCA or the WDTX.

In sum, each of the § 1404 factors either strongly favors transfer or is neutral, while none favors maintaining the case in this District. Given these facts, this case should be transferred to the NDCA. *See In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (granting writ of mandamus directing transfer because "most witnesses and evidence [were] closer to the transferee venue with few or no convenience factors favoring the [transferor] venue").

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Infringement Allegations

Plaintiff alleges that the following Google products infringe U.S. Patent No. RE47,720: Nest WiFi Router, Nest WiFi Point, and Pixel 7 smartphones. Dkt. No. 1, Compl. ¶¶ 33–34. Plaintiff does not allege that Google designed the accused products in a way that infringes the '720 patent. Instead, Plaintiff contends that the accused products infringe simply because they comply with an industry-wide WiFi standard, which is called 802.11ac. *Id*.

### B.   Google's Witnesses and Evidence Are in the Northern District of California.

Google has been headquartered in the NDCA since 1998. The Google witnesses with the most relevant technical knowledge about the accused products are located in the NDCA. For example, most of the Google employees responsible for the research, development, and design of the relevant functionality of the accused products work in the NDCA. Declaration of Raymond Hayes ("Hayes Decl."); Declaration of Nihar Jindal ("Jindal Decl."). These Google employees have relevant knowledge regarding the accused products' WiFi functionality, which Plaintiff accuses of infringement. *Id.*

As described in more detail below, Google has identified at least six Google employees who are likely to be key witnesses in this litigation. Four of them are located in the NDCA, while one is in San Diego, California, and one is in Taiwan. *Id.* Google is unaware of any Google employee who is likely to be an important witness who is located anywhere but California or Taiwan. Hayes Decl. ¶ 7; Jindal Decl. ¶ 10. Google's relevant documents are created and maintained primarily by the Google employees who work on the accused products. Jindal Decl. ¶ 11. As a result, the relevant documents also are maintained primarily in the NDCA. *Id.*

### C. Plaintiff's Witnesses and Evidence Are Located Outside the WDTX.

Neither Plaintiff nor the inventor of the asserted patent have any known connection to the WDTX. Plaintiff recently registered to do business in Texas, purporting to establish its principal place of business at a postal address in Longview, Texas. *See* Compl. ¶ 2. That address is in the Eastern District of Texas—not the WDTX.  And even that connection appears to have been manufactured by Plaintiff for purposes of creating an artificial tie to Texas: at least six other patent assertion entities purport to use the same postal address as their "principal place of business." Declaration of Robin Gray Schweitzer ¶ 2, Ex. 1 ("Schweitzer Decl."). These six entities have, collectively, initiated almost 100 patent lawsuits, primarily in Texas. Schweitzer Decl. ¶ 3, Ex. 2.

There is no evidence that Plaintiff, the alleged assignee of the asserted patent, engages in any business other than patent assertion. Nor is there any evidence that Plaintiff has any employees, or that any individual involved in the development of the asserted patents is located in the WDTX. The asserted patent's named inventor, Jerry Burchfiel, lives in Boston, Massachusetts. Schweitzer Decl. ¶ 4, Ex. 3.  Moreover, according to Plaintiff's website, its patent licensing is handled by an entity called George Street Partners, which is based in Indiana. Schweitzer Decl. ¶¶ 5, 6, Exs. 4, 5.

### D. Important Third-Party Witnesses and Evidence Are In or Near the NDCA.

Plaintiff's infringement allegations turn on the functionality of a WiFi chip that Google incorporates into its products. Google does not design or manufacture that component, but instead sources it from two third parties. The suppliers of the accused WiFi components will have relevant knowledge and documentation regarding the functionality of those components, which will be relevant to adjudicating Plaintiff's infringement allegations.

Similarly, both of the relevant third-party suppliers are headquartered in California and would be subject to the subpoena power of the NDCA. Schweitzer Decl. ¶¶ 8–9; *see also* Fed. R. Civ. P. 45(c)(1)(B) (requiring attendance at trial, hearing or deposition "within the state where the person resides, is employed, or regularly transacts business in person").

## III.   LEGAL STANDARD

When evaluating a motion for transfer pursuant to 28 U.S.C. § 1404(a), courts in the Fifth Circuit weigh eight private and public interest factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. . . . [5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interests decided at home; [7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo*, 589 F.3d at 1198.

## IV.   ARGUMENT

The Court should transfer this action to the NDCA where it can be more conveniently litigated. This case could have been brought in the NDCA where Google has its principal place of business. Accordingly, the transfer analysis turns on weighing the private and public interest factors, which strongly favor transfer.

### A.   The Convenience of Witnesses Strongly Favors Transfer.

The convenience of witnesses is "probably the single most important factor in [the] transfer analysis." *In re Genentech,* 566 F.3d at 1343. Courts analyzing this factor "must

consider" the convenience of possible party witnesses and non-party witnesses. *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021). "When the distance between an existing venue for trial . . . and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen Ag*, 371 F.3d 201, 204-05 (5th Cir. 2004) ("*Volkswagen I*"). At the same time, witnesses who are located distant from both venues "will be inconvenienced by extensive travel regardless of the forum and thus the '100-mile' rules should not be rigidly applied." *10Tales, Inc. v. TikTok Inc.*, No. 6:20-cv-00810-ADA, 2021 WL 2043978, at *4 (W.D. Tex. May 21, 2021).

This factor strongly favors transfer to the NDCA, where the vast majority of relevant witnesses are located. The key Google employees with knowledge of the design, research, and development of the accused products work primarily in the NDCA, with one working in San Diego, California, and one in Taiwan:

- **Raymond Hayes** (Mountain View, CA): a Software Engineer with knowledge regarding the wireless architecture that supports wireless capabilities in the Google Nest WiFi Router and the Google Nest WiFi Point and with knowledge of Google's sourcing of the relevant chipsets;

- **Srinivasa Duvvuri** (Mountain View, CA): a Staff Software Engineer with knowledge about the software implementation that supports wireless functionality in the Google Nest WiFi Router and the Google Nest WiFi Point;

- **Nihar Jindal** (Mountain View, CA): a Senior Staff Hardware Engineer with knowledge regarding the hardware in Pixel 7 smartphones that support wireless functionality and with knowledge of Google's sourcing of the relevant chipsets;

- **Omar El Ayach** (Mountain View, CA): a Hardware Engineer with extensive knowledge about the hardware implementation of wireless capabilities in Pixel 7 smartphones;

- **Ahmed ElArabawy** (San Diego, CA): a Staff Software Engineer and manager with knowledge of the wireless framework that supports Pixel 7 smartphones and knowledge related to the software implementation of wireless features for Pixel 7 devices; and

- **Roger Wang** (New Taipei City, Taiwan): a Software Engineer and manager with knowledge regarding the integration of Wi-Fi chipsets in Pixel 7 smartphones.

Hayes Decl. ¶¶ 1, 3, 4, 6; Jindal Decl. ¶¶ 1, 4, 5, 7-9.

These Google witnesses are the most relevant to the transfer analysis. *See In re Genentech* 566 F.2d at 1345 ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."). Nonetheless, Plaintiff also does not have any ties to the WDTX. Plaintiff does not appear to have any relevant employees in the WDTX, and the sole inventor of the asserted patent resides in Massachusetts. Schweitzer Decl. ¶¶ 4, 7, Exs. 3, 6. Plaintiff's witness "will be required to travel a significant distance no matter where they testify." *In re Genentech*, 566 F.3d at 1344.

Because the vast majority of material witnesses reside in the NDCA, and no known witnesses reside in the WDTX, the convenience of the witnesses—which is the most important factor in the transfer analysis—overwhelmingly favors transfer. *See In re Google*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021) ("[W]hen there are numerous witnesses in the transferee venue and the only other witnesses are far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer."); *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *4 (Fed. Cir. Oct. 6, 2021) ("Google's primary argument is that the convenience of willing witnesses must be regarded as weighing heavily in favor of transfer because there are several potential witnesses in the Northern District of California and none in the Western District of Texas. We agree with Google.").

**B.    The Availability of Compulsory Process Strongly Favors Transfer.**

A court's ability to compel testimony and the production of documents through its subpoena power is "an important factor in the § 1404(a) calculus." *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010). This factor "will weigh heavily in favor of transfer when more

third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014).

As already noted, there are no known witnesses in the WDTX—third-party or otherwise. In contrast, there are relevant third parties—including the relevant third-party suppliers—who are subject to the NDCA's subpoena power. The NDCA can compel those third parties to produce relevant documents. Employees of those relevant third parties likely have relevant information regarding the WiFi semiconductor components that perform the functionality that Plaintiff accuses of infringement. Specifically, Google has identified its points of contacts at both third-party suppliers and two of those individuals would be subject to the subpoena power of the NDCA, and none would be subject to the subpoena power of the WDTX. Hayes Decl. ¶ 5; Jindal Decl. ¶ 6. Although all of the specific third-party supplier employees who have relevant knowledge may not be known (e.g., the individuals who designed and developed the relevant chipsets), the NDCA could compel both of the third-party suppliers to produce corporate designees to testify at deposition on these topics. *See In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021) ("The district court erroneously discounted those third parties when it faulted Apple for not identifying any specific employees of those entities."); *In re HP Inc.*, 826 F. App'x 899, 903 (Fed. Cir. 2020) (holding there is "no basis to discount" third-party entities that might have pertinent information "just because individual employees were not identified").

Accordingly, this factor also strongly favors transfer. *In re Genentech*, 566 F.3d at 1345 (holding that where "the transferee venue is a venue with usable subpoena power," this factor "weighs in favor of transfer, and not only slightly").

### C. The Relevant Sources of Proof Strongly Favor Transfer.

Because "the bulk of relevant evidence usually comes from the accused infringer, . . . the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d at 1345. Beyond the physical location of documents, "the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval," are also relevant. *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021); *see also In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *2 (Fed. Cir. Oct. 21, 2021).

This factor likewise strongly favors transfer. Google's relevant technical documents are created and maintained by Google employees predominantly located in the NDCA. Hayes Decl. ¶¶ 1, 6; Jindal Decl. ¶ 11. The relevant third-party suppliers' documents also are likely to be in or near the NDCA, based on the location of their headquarters and witnesses. Conversely, Google is unaware of any key documents that are located or maintained in the WDTX.

### D. The Local Interests Strongly Favor Transfer.

The NDCA has a localized interest in this dispute because "the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). The public interest in having localized interests decided at home reflects "not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple Inc.*, 979 F.3d 1332, 1345 (Fed. Cir. 2020). The Federal Circuit "accord[s] significant weight under this factor to the location where the accused product or functionality was 'designed, developed, and tested'" and "no weight to the location of the sale of an accused product where that product is offered nationwide." *3D Surfaces, LLC v. Dell Techs. Inc.*, No.

6:21-CV-01107-ADA, 2022 WL 3695483, at *9 (W.D. Tex. Aug. 25, 2022) (quoting *In re Apple Inc.*, 979 F.3d at 1345; citing *In re Hoffmann-La Roche Inc.*, 587 F.3d at 1338); *see also In re Apple Inc.*, No. 2022-137, 2022 WL 1676400, at *2 (Fed. Cir. May 26, 2022) (holding it is a "clear abuse of discretion" to grant any weight to a company's general presence in the district without "a connection to the locus of the events giving rise to the dispute").

Google has significant ties to the NDCA, where it is headquartered. The relevant third-party suppliers likewise have significant ties to California, where they are headquartered. The events that gave rise to this suit occurred primarily in the NDCA, where the accused functionality was predominately researched, designed, and developed. In cases, such as this one, where the relevant "third parties researched, designed, and developed most of [the accused] applications in Northern California," this factor strongly favors transfer. *In re Samsung*, 2 F.4th at 1380.

The local interests of the WDTX, on the other hand, are not implicated. Any connections Google has with the WDTX are not related to this litigation: none of the accused functionality was designed or developed in this District, and none of the key individuals who developed and designed the accused functionality are located here. *See In re Google*, 2021 WL 4427899, at *6 ("Because the accused products were designed and developed in the transferee venue and are not related to Google's presence in Texas, we agree that the local interest factor should have been weighted strongly in favor of transfer."). Further, Plaintiff's ties to the WDTX are nonexistent. Accordingly, this factor also strongly favors transfer. *See In re Apple*, 2021 WL 5291804, at *5 ("Because only the Northern District of California has significant connections to the events that gave rise to this suit, the local interest factor weighs strongly in favor of transfer.").

### E.     The Remaining Factors Are Neutral.

Each of the remaining factors are neutral.

### 1. The practical considerations are neutral.

The "practical considerations" factor is neutral because neither this District nor the NDCA has any prior experience with the asserted patent or the accused products, and there are currently no other related lawsuits pending in either judicial district.

### 2. The court congestion factor should be accorded no weight.

The factor of court congestion is neutral. The Federal Circuit has repeatedly "noted that 'the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics.'" *In re Apple Inc.,* 2021 WL 5291804, at *4 (quoting *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021)). Moreover, this factor is given the least weight because it is the "most speculative," *In re Juniper*, 14 F.4th at 1322, and given that Plaintiff is a non-practicing entity, this factor should be given no weight in this case, *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023) (holding it was a "clear abuse of discretion to accord this factor any weight" where the patentee lacked position in the market being threatened).

### 3. Considerations regarding familiarity with governing law and conflict of laws are neutral.

Both the WDTX and the NDCA are familiar with relevant patent laws, and this case presents no material issues concerning conflict of laws or the application of foreign law. As a result, those factors also are neutral. *See Magic Cross Ranch, L.P. v. Manion*, No. 3:12-CV-00541-P, 2012 WL 13027449, at *3 (N.D. Tex. Sept. 25, 2012) ("The Court finds that the other public interest factors are neutral. Both [districts] are equally capable of applying the law that will govern the case. No issues exist which suggest any potential problems of conflict of laws or applying foreign law. Many courts are congested, and this factor is neutral.").

### F. The balance of factors strongly favors transfer.

The NDCA is clearly a more convenient forum for this litigation. Each of the private and public interest factors either strongly favors transfer (convenience of the witnesses, availability of compulsory process, relevant sources of proof, and local interests) or is neutral (practical considerations, court congestion, conflict of laws, and familiarity with the law-at-issue). "With nothing on the transferor-forum side of the ledger, the analysis shows that the transferee forum is '*clearly* more convenient.'" *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (quoting *Volkswagen II*, 545 F.3d at 315).

## V. CONCLUSION

Because each of the private and public interest factors either strongly favors transfer or is neutral, the NDCA is clearly more convenient. Google therefore respectfully requests that the Court transfer this case to the NDCA pursuant to 28 U.S.C. § 1404(a).

| | |
|---|---|
| DATED: April 19, 2023 | */s/ Robin Gray Schweitzer* |

                                              Erica Benites Giese (TX Bar No. 24036212)
egiese@jw.com
JACKSON WALKER L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205
Telephone: (210) 978-7900
Fax: (210) 242-4646

Nathaniel St. Clair (TX Bar No. 24071564)
nstclair@jw.com
JACKSON WALKER L.L.P.
2323 Ross Ave., Ste. 600
Dallas, Texas 75201
Telephone: (214) 953-6000
Fax: (214) 953-5822


Zachary M. Briers (*admitted to practice before the Western District of Texas*)
zachary.briers@mto.com
Faye Paul Teller (*pro hac vice*)
faye.teller@mto.com
Robin Gray Schweitzer (*pro hac vice*)
robin.schweitzer@mto.com
Adam W. Kwon (*pro hac vice*)
adam.kwon@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Fax: (213) 687-3702

Gregory Bischoping (*pro hac vice*)
gregory.bischoping@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500 E
Washington, DC 20001
Telephone: (202) 220-1100
Fax: (202) 220-2300

***Attorneys for Defendant Google LLC***

---

**GOOGLE'S MOTION TO TRANSFER**

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

                                                    */s/Erica B. Giese*
                                                    Erica Benites Giese

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 12, 2023, pursuant to Local Rule CV-7(G), I communicated via email with counsel for Plaintiff, who indicated that Plaintiff is opposed to the relief requested.

                                                    /s/ *Robin Gray Schweitzer*
                                                    Robin Gray Schweitzer