**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| USTA TECHNOLOGY, LLC, *Plaintiff* | § | |
| | § | |
| vs. | § | Case No. W-22-CA-01214-XR |
| | § | |
| GOOGLE LLC, *Defendant* | § | |

**ORDER DENYING MOTION FOR VENUE DISCOVERY**

On this date, the Court considered Plaintiff USTA Technology, LLC's motion for leave to conduct venue discovery (ECF No. 54), Defendant Google LLC's response (ECF No. 50), Plaintiff's reply (ECF No. 59), and the parties' arguments at the hearing held on June 13, 2023. After careful consideration, the motion is **DENIED**.

Plaintiff USTA Technology, LLC is the assignee of U.S. Patent No. RE47,720 ("the '720 patent"), a patented method and apparatus for increasing the available spectrum in a wireless network by sharing existing allocated (and in-use) portions of the radio frequency spectrum to minimize the probability of interfering with existing legacy users. *See* ECF No. 1-1.

On November 11, 2022, Plaintiff filed its original complaint, alleging that Defendant Google LLC ("Google") "has and continues to directly infringe one or more claims of '720 patent by selling, offering to sell, making, using, and/or providing and causing to be used 802.11ac-compliant products," such as "Google Nest WiFi Router, Google Nest WiFi Point, and Google Pixel 7 smartphones." ECF No. 1 ¶¶ 33–34.

In April 2023, Defendant filed a motion to transfer the case to the Northern District of California under 28 U.S.C. § 1404(a). ECF No. 34. In support of its motion, Defendant proffered, among other things, declarations from two of its employees: Raymond Hayes, a software engineer

familiar with the wireless architecture of the Google Nest WiFi Router and Google Nest WiFi Point, and Nihar Jindal, a senior staff hardware engineer on the Pixel Hardware Team and leader of the Pixel WiFi team. *See* ECF No. 34-2, Hayes Decl.; ECF No. 34-3, Jindal Decl. Neither Hayes nor Jindal were aware of any employees working on the WiFi functionality of the accused products in Texas. ECF No. 34-2, Hayes Decl. ¶ 7; ECF No. 34-3, Jindal Decl. ¶ 10. Moreover, both employees identified, under seal, the suppliers of the WiFi chips for the accused products, both of whom are based in California. *See* ECF No. 36-1, Sealed Hayes Decl. ¶¶ 3–4; ECF No. 36-3, Sealed Jindal Decl. ¶¶ 5–6.

In response to Defendant's motion to transfer venue, Plaintiff filed a motion for leave to conduct venue discovery as to "who is involved and to what degree" in designing, developing, and manufacturing portions of the allegedly infringing products in the Western District of Texas. ECF No. 54. Plaintiff seeks leave to propound five requests for production and five interrogatories and to take five depositions, including depositions of Hayes and Jindal and corporate representatives of the two suppliers identified by Google. *See* ECF No. 54-19 (Proposed Requests for Production and Interrogatories); ECF Nos. 54-20 & 54-21 (Deposition Notices); ECF Nos. 54-23 & 54-24 (Third-Party Subpoenas). Plaintiff also seeks to depose a representative from Samsung, which allegedly helped design and manufacture the "Tensor" chip used in the Pixel 7 and the WiFi chips for earlier versions of the accused products (e.g., the Pixel 6 and Pixel 5) and has a significant presence in this District. *See* ECF No. 54 at 7; ECF No. 54-25 (Third-Party Subpoena).

Defendant opposes the requested venue discovery, arguing that the requested discovery will be costly and is irrelevant to both the motion to transfer venue, which has now been pending for over six weeks, and the merits of the alleged patent infringement. ECF No. 50.

The Court held a hearing on June 13, 2023. For the reasons stated in open court and set out more fully herein, Plaintiff's motion for venue discovery (ECF No. 54) is **DENIED**.

## DISCUSSION

### I. Legal Standards

#### A. Motion to Transfer Venue

Pursuant to 28 U.S.C. § 1404(a): "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." After determining that the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). The public interest factors include "(1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws." *Id.* However, none of these factors are given dispositive weight. *Id.* The burden of showing "good cause" rests with the defendant under 28 U.S.C. § 1404(a), requiring him to persuade the court "that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304, 314 (5th Cir. 2008).

### B. Motion for Leave to Conduct Venue Discovery

A district court has "broad discretion in all discovery matters," and "such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Kelly v. Syria Shell Petroleum Dev.*, 213 F.3d 841, 855 (5th Cir. 2000). "As the party opposing [transfer] and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)). "A district court is within its discretion to deny [venue] discovery when there is no indication of fraud or misconduct in the defendant's affidavits, and there is no reason to believe that additional information would alter the outcome." *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-00667-ADA, 2020 WL 3403076, at *4 (W.D. Tex. June 19, 2020).

## II. Analysis

To begin, neither party disputes that Plaintiff could have filed suit in the Northern District of California, the district in which Google maintains its headquarters.[1] Rather, the parties' disagreement centers on the private and public interest factors and, in particular, the private interest factors.

In its motion to transfer venue, Defendant asserts that the vast majority of the Google employees with relevant knowledge regarding the allegedly infringing functionality are in the Northern District of California, where Google is headquartered. ECF No. 34 at 5.[2] This is unsurprising, given that, "[i]n patent infringement cases, the bulk of the relevant evidence usually

[1] 28 U.S.C. § 1400(b) provides that a civil action for patent infringement "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

[2] Page numbers in citations to the record refer to PDF page numbers as the document was filed on CM/ECF, which are not necessarily the same as the page numbers in the underlying documents.

comes from the accused infringer." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Plaintiff maintains that this asymmetry of information warrants venue discovery. ECF No. 54 at 4 (citing *Blitzsafe Tex. LLC v. Mitsubishi Elec. Corp.*, No. 17-CV-00430, 2019 WL 2210686, at *3–4 (E.D. Tex. May 22, 2019)). The Court disagrees.

Neither Defendant, nor any of its relevant employees or suppliers supporting the WiFi capabilities of the accused products appear to have any connections to the Western District of Texas. Nor, as Defendant observes, do Plaintiff or the inventor of the asserted patent have any known connection to this District. *See* ECF No. 34 at 5. Plaintiff recently registered to do business in Texas, purporting to establish its principal place of business at a postal address in Longview, Texas, which is located in the Eastern District of Texas. *See* ECF No. 1 ¶ 2.

Plaintiff asserts that venue discovery is necessary because Defendant allegedly omitted relevant information from its transfer motion, including about the suppliers for earlier versions of the allegedly infringing products (such as the Pixel 5 and Pixel 6) and the Tensor chip used in the Pixel 7. *See* ECF No. 56 at 5–7. As Defendant points out, none of these "earlier versions" of the Pixel 7 are mentioned in the complaint or claim chart. See ECF No. 50 at 9. Nonetheless, Defendant has provided declarations indicating that the previously identified suppliers in California supplied the chips for the Pixel 5 and Pixel 6, and that any devises using a "Tensor chip" use a separate, dedicated WiFi chip for WiFi functionality (the subject of the patent). *See* ECF No. 50 at 8–10 (citing ECF No. 50-1, Jindal Decl.; ECF No. 50-2, Samoail Decl.).

Plaintiff further contends that venue discovery is necessary based on its understanding that Samsung manufactures WiFi chips in the accused products in Texas. ECF No. 56 at 7. Plaintiff asserts that discovery into Samsung's manufacturing activity in Texas on behalf of Google would support the convenience of this venue allowing the Court to exercise subpoena power over

Samsung, as a third-party based in Texas, and by establishing a local interest in resolving the dispute in this District. In its briefing, Defendant asserted that, contrary to Plaintiff's belief, the relevant WiFi chips were supplied only by the previously identified third parties in California. See ECF No. 50 at 8. Defendant's counsel confirmed at the hearing that Samsung does not manufacture any component in any of the accused devices that performs the relevant Wi-Fi functionality.

Even if Defendant had confirmed that Samsung manufactured the WiFi chips for the accused products in Texas, that information would not affect the Court's analysis as to the relative convenience of this venue. Plaintiff's emphasis on subpoena power is misplaced given that neither of the California suppliers are parties to this action or otherwise subject to compulsory process in this District. Furthermore, because the allegedly infringing devices were designed primarily in the Northern District of California, that district clearly has a significant local interest in adjudicating this case.

An exhaustive search of Google's activity, personnel, and suppliers in the Western District of Texas for the purpose of determining the relative convenience is not an efficient use of judicial resources. *See In re Apple Inc.*, 52 F.4th 1360, 1362 (Fed. Cir. 2022) ("[A]n undue delay for a motion under § 1404(a) . . . may unnecessarily require the expenditure of judicial resources in both the transferor and transferee courts"). More importantly, because there is no reason to believe that the information Plaintiff seeks would affect the Court's venue analysis—or any indication of fraud or misconduct in the representations offered in the affidavits submitted by Google personnel or by Defense counsel at the hearing—such discovery is unwarranted in this case. *Optic153 LLC*, 2020 WL 3403076, at *4.

## CONCLUSION

Because Plaintiff has not met its burden of establishing that discovery is necessary, Plaintiff's motion for leave to conduct venue discovery (ECF No. 54) is **DENIED**. Plaintiff shall file a response, if any, to Defendant's pending motion to transfer venue (ECF No. 34) **by no later than June 27, 2023**.

Defendant's oral motion at the hearing to stay the deadlines set forth in the scheduling order (ECF No. 33) pending the resolution of the motion to transfer venue is **GRANTED**.

It is so **ORDERED**.

**SIGNED** this 16th day of June, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE